IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                                                ORDER
                    Plaintiff,
            v.                                  04-cv-813-bbc

GARY HAMBLIN and SGT. LURQUIN,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                    Plaintiff,
            v.                                  07-cv-446-bbc

CAPT. RADTKE, and C.O. GRAAK,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES LAMONT NORWOOD,

                    Plaintiff,

            v.                                  07-cv-624-bbc

DYLON RADTKE, GREG GRAMS,
AMY MILLARD, TOM GOZINSKE,
AMY SMITH and ANDREA NELSON,

1

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --

CHARLES LAMONT NORWOOD,

        Plaintiff,

      v.                             08-cv-446-bbc

DON STRAHOTA, Sergeant HILBERT,
Sergeant PHILLIPS, MICHAEL THURMER,
Captain O'DONOVAN, JAMES MUENCHOW, ICE,
MICHAEL MEISNER, ICE, and THERESA MURPHY, ICE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES NORWOOD,

        Plaintiff,

                            09-cv-738-bbc

      v.

MIKE THURMER, DON STRAHOTA, C.O. BEAHM,
C.O. WOODS, C.O. TRITT, C.O. GORSKE,
CAPT. O'DONOVAN, LT. BRAEMER,
DR. ANKARLO, C.O. RUSSELL and
JANE / JOHN DOES,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2

Plaintiff Charles Norwood has filed a motion to modify payment of his filing fees to exempt 80% of the gift money he receives in his inmate account from garnishment under 28 U.S.C. § 1915(b)(2).  Plaintiff requests that the court only take 20% of the gift funds received from his family and friends so that he can purchase personal care items.

Because he has five cases, the institution is taking 20% of his income for each case for a total of 100% of his income.  The amount owed increases for each case filed.  Newlin v. Helman, 123  F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton,  209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000).  Therefore, plaintiff is currently required to pay 100% of his monthly income until the remaining balances for each of his cases are paid in full.

The statute governing the collection of fees in his case, 28 U.S.C. § 1915(b)(2) does not permit me to exempt any part of the plaintiff's income from withholding.  Moreover, in Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit ruled expressly that the word "income" in § 1915(b)(2) means more than "earned income."

> Congress did not define the term "income" in § 1915(b), but it used several related terms: "income," "deposits," and "amount in the account."  These seem to be used as synonyms, which implies that "income" means "all deposits."  A prisoner therefore "shall forward 20% of whatever sums enter a prison trust account, disregarding the source.  That some receipts are gifts or bequests from family members does not shelter them from § 1915(b)(2), as the prison seems to have supposed.

3

Because the law is settled in this circuit that gift money is not to be excluded from the definition of "income" an inmate might receive, I have no discretion to grant plaintiff's request for an order exempting 80% of his gift money from collection to pay the filing fees he incurred in these cases.

ORDER

IT IS ORDERED that plaintiff's motion to modify payment of his filing fees is DENIED.

Entered this 3d day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4